FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 22 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

– against –

RIGOBERTO GOMEZ-CORDERO,

Defendant.

---

12-CR-129

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v.*

1

*Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

On April 12, 2012, Rigoberto Gomez-Cordero pled guilty to a single-count indictment which charged that on January 17, 2012, the defendant used and attempted to use a passport which was secured by one or more false statements, to wit: the use of a false name, false date of birth and false social security number, in violation of 18 U.S.C. § 1542.

Gomez-Cordero was sentenced on June 14, 2012. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be twelve and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between ten and sixteen months. The calculation of the total offense level included a two-point enhancement for based on the defendant's status as an unlawful alien who have been deported on one or more occasions prior to the instant offense; a four-point enhancement for fraudulent use of a U.S. passport; and a two-point reduction for acceptance of responsibility. The offense carried a maximum term of imprisonment of ten years. 18 U.S.C. § 1542. The guidelines range for the fine was from $3,000 to $30,000.

Gomez-Cordero was sentenced to time served and three years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). *Cf.* Abe Cho, Note, *Lowering Sentences for Illegal Immigrants? Why Judges Should Have Discretion to Vary from the Guidelines Based on Fast-Track Sentencing Disparities*, 43 Colum. J. L. & Soc. Probs. 447 (2010) (arguing federal district judges have discretion to impose lower sentences in immigration cases to avoid sentencing disparities with "fast-track" programs found predominately in southwest border states).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). This is the third time that the defendant has illegally entered this country. It is the first time he has used a fraudulent passport.

The defendant has an eighth grade education. He is the father of several children, both in the United States and in the Dominican Republic, whom he supports financially. He also considers himself responsible for a daughter his girlfriend has from a previous relationship. He has repeatedly and knowingly violated the entry statutes in order to find work to help support his families.

Gomez-Cordero has been incarcerated since January 17, 2012—a span of nearly five months. A sentence of time served reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that use of a fraudulent passport will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation. Although he was deported following his

3

illegal entry on prior occasions, this is the first time he was incarcerated prior to his deportation. It is unlikely that he will engage in further criminal activity in light of his new understanding of the severity of the offense.

Jack B. Weinstein
Senior United States District Judge

Dated: June 14, 2012
       Brooklyn, New York